**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MBF TRUST u/t/a dated March 1, 2003, | ) | |
| by and through its trustee, Dale Frates, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No.10-CV-402-GKF-FHM |
| CASTAWAY MANUFACTURING, INC., | ) | |
| a Texas corporation, and CASTAWAY | ) | |
| FISHING PRODUCTS, INC., a Texas | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the court on the Motion to Dismiss of defendants Castaway

Manufacturing, Inc. and Castaway Fishing Products, Inc. [Doc. No. 11].   Defendants contend

this case should be dismissed pursuant to Fed.R.Civ.P. 12(b)(2) for lack of personal jurisdiction

and alternatively based on the doctrine of *forum non conveniens*.

### I.  Facts

Plaintiff MBF Trust is a trust formed under the laws of the State of Oklahoma and whose

trustee, Dale Frates, resides in Tulsa County, Oklahoma. [Doc. No. 2, Complaint, ¶1].

Defendants are Texas corporations with their principal place of business in Montgomery, Texas.

[Doc. No. 13, Special Declaration of Gena Box Young, ¶¶2-3].  Plaintiff alleges that between

May 17, 2000 and October 29, 2004, Shikari, Inc., an Oklahoma corporation, supplied goods to

defendants with a total invoiced value of $314,145.47, and between May 17, 2000, and June 27,

2005, payments totaling $140,000.00 were made by or on behalf of defendants. [*Id.,* ¶¶6-8].

Plaintiff is the successor in interest of the remaining amount owed to Shikari by the defendants.

[*Id.,* ¶9].  Plaintiff contends that defendants owe a total of $174,145.47 (including interest) on the

outstanding invoices. [*Id.,* ¶15].

The Castaway defendants do not maintain any office in Oklahoma, nor do they have shareholders, officers, director, employees or agents in the state. [Doc. No. 13, Special Declaration of Gena Box Young, ¶¶1-5].  Neither defendant owns, leases or uses any property in Oklahoma, and Gena Box Young, President of Castaway Manufacturing, Inc., has stated neither company has any intention of entering into business in Oklahoma. [*Id.,* ¶¶6-7].

However, plaintiff has proffered  documentation showing that between March 1999 and September 1, 2004, defendants submitted hundreds of purchase orders to Shikari, which supplied goods to defendants in conjunction with the purchase orders, and defendant paid numerous invoices.  [Doc. Nos. 15-2 and 15-3 , Ex. 1, Purchase Orders; Doc. Nos. 15-4 and 15-5, Exs. 2 and 3, Invoice Ledgers].   These purchase orders, plaintiff asserts, formed individual contracts between Shikari and defendants.  Plaintiff has submitted notes taken by the trustee, Dale Frates, indicating that over the course of the business relationship, Shikari and defendants engaged in multiple communications regarding the relationship, including numerous conversations between Shikari representatives and Gena Box Young, the President of Castaway Manufacturing, Inc., who submitted an affidavit in support of defendants' Motion to Dismiss. [Doc. No. 15-6, Ex. 4, Frates Notes].

## II. Analysis

Defendants contend the court lacks personal jurisdiction over them.  Alternately, they urge the court to dismiss this case based on the doctrine of  *forum non conveniens*.

2

**A. Personal Jurisdiction**

In considering a motion to dismiss pursuant to Rule 12(b)(2), a court must determine whether the plaintiff has alleged sufficient facts to establish the court's personal jurisdiction over the defendants.  If jurisdiction is contested, the plaintiff bears the burden of establishing jurisdiction.  *AST Sports Science, Inc., v. CLF Dist. Ltd.*, 514 F.3d 1054, 1056 (10th Cir. 2008). Where, as here, the question of personal jurisdiction is disputed in the preliminary stages of litigation, "the plaintiff need only make a prima facie showing of jurisdiction to defeat the motion [to dismiss]."  *Id.* The plaintiff may make this prima facie showing by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant.  *OMI Holdings, Inc. v. Royal Ins. Co. of Canada,* 149 F.3d 1086, 1091 (10th Cir. 1998).  The court will accept as true the allegations in plaintiff's complaint, and all factual disputes will be resolved in the plaintiff's favor.  *Intercon Inc. v. Bell Atl. Internet Sol'ns*, 205 F.3d 1244, 1247 (10th Cir. 2000) (quoting *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995)).

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state *and* that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995).  "In Oklahoma, this two-part inquiry collapses into a single due process analysis," because Oklahoma permits the exercise of personal jurisdiction to the full extent permitted by the United States Constitution.  *Rambo v. American S. Ins. Co.*, 839 F.2d 1415, 1416 (10th Cir.1998) (citing Okla. Stat. tit. 12, § 2004 F). Accordingly, the only question remaining is whether the exercise of personal jurisdiction over

3

the nonresident defendant comports with due process.  *See AST Sports Science*, 514 F.3d at 1057.

The Due Process Clause prevents courts from exercising jurisdiction over a nonresident

defendant unless "there exist 'minimum contacts' between the defendant and the forum state."

*Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004).  The "minimum contacts"

standard can be satisfied in either of two ways: First, the court may exert specific jurisdiction

over a defendant who has "purposefully directed his activities at residents of the forum,"

provided "the litigation results from alleged injures that arise out of or relate to those activities."

*Id.* (quoting *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1986 (10th Cir. 1998)

(internal citations and quotation marks omitted)  Alternatively, the court may maintain general

personal jurisdiction over a defendant who has maintained continuous and systematic general

business contacts with the forum state.  *Id.* (quoting *OMI Holdings*, 149 F.3d 1986) (internal

citations and quotation marks omitted).

A contract between an out-of-state-party and a resident of the forum state cannot,

standing alone, establish sufficient minimum contacts with the forum.  *Burger King Corp. v.

Rudzewicz,* 471 U.S. 462, 473 (1985).  However, parties "who reach out beyond one state and

create continuing relationships and obligations with citizens of another state are subject to

regulation and sanctions in the other state for the consequences of their activities."  *Id.* at 473.

"In a contract case, relevant factors for assessing minimum contacts include 'prior negotiations

and contemplated future consequences, along with the terms of the contract and the parties'

actual course of dealing.'"  *Benton v. Cameco Corporation,* 375 F.3d 1070, 1077 (10th Cir. 2004)

(quoting *Burger King,* 471 U.S. at 479).

In this case, defendants, over a four-year period, placed hundreds of purchase orders with

4

Shikari, received goods shipped by Shikari from Oklahoma, paid invoices issued by Shikari, and engaged in extensive communications with Shikari about payment of invoices.  Given these facts, the court concludes that the quality and nature of defendants' contacts with the state were not  "so . . . random, fortuitous, [and] attenuated" that they could not have anticipated being haled into court in Oklahoma."  *Benton*, 357 F.3d at 1077-78 (alterations in original) (quoting *Burger King*, 471 U.S. at 486).  Thus, the court finds that defendants had sufficient minimum contacts with Oklahoma to support the exercise of personal jurisdiction over them.

The second requirement for personal jurisdiction–that there be a nexus between the defendants' activities in Oklahoma and the alleged injury–is also met: Plaintiff asserts it was injured due to defendants' failure to pay invoices for products shipped to them by Shikari.  It cannot be said that plaintiff's cause of action does not "result[ ] from alleged injuries that arise out of or relate to [defendants' forum-related] activities."  *Benton v. Cameco Corp.*, 375 F.3d at 1075.

Having found that defendants' contacts with Oklahoma (1) are sufficient to support the exercise of jurisdiction over defendants and (2) give rise to the cause of action at issue here, this court must now consider whether the exercise of jurisdiction over defendants would offend "traditional notions of fair play and substantial justice."  *AST Sports Science*, 514 F.3d at 1061 (quoting *Asahi Metal Indus. Co. Ltd. v. Superior Court of California*, 480 U.S. 102, 107 (1987)). In other words, the exercise of jurisdiction must be reasonable in light of the facts and circumstances surrounding the case.  *See Pro Axess v. Orlux Disrib., Inc.*, 428 F.3d 1270, 1279-80 (10th Cir. 2005).   The *Pro Axess* court identified the following factors that should be considered in determining the reasonableness of the exercise of jurisdiction::

(1) the burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interest of the several states in furthering fundamental substantive social policies.

*Pro Axess* , 428 F.3d at 1279-80. Defendants are Texas corporations.  It would not be "gravely difficult" for them to litigate this dispute in Oklahoma.  *AST Sports Science*, 514 F.3d at 1062 (citing *Burger King*, 471 U.S. at 478).  Furthermore, Oklahoma has an interest in providing its resident, MBF Trust, with a forum for its suit against defendants, and  would be burdened by traveling to Texas.  Given the facts of this case, it does not appear that defendants  have "established a 'compelling case' that the exercise of jurisdiction . . . would be unreasonable." *AST Sports Science*, 514 F.3d at 1063.

In sum, this court finds that defendants have purposefully directed  activities at residents of Oklahoma, and that this litigation arises out of those activities. The court further finds that the exercise of jurisdiction over defendants would not offend traditional notions of fair play and substantial justice.  Accordingly, the court concludes that defendants are subject to personal jurisdiction in Oklahoma.

**B.  *Forum Non Conveniens***

Alternatively, defendants argue the case should be heard in Texas because it would be burdensome for them to conduct litigation in Oklahoma.  "The Supreme Court has characterized the *forum non conveniens* doctrine as 'a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined.'" *Yavuz v. 61 MM, Ltd.,* 576 F.2d 1166, 1172, quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 429 (2007).  Under this

doctrine:

> when an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would establish oppressiveness and vexation to a defendant all out of proportion to the plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case, even if jurisdiction and proper venue are established.

*Yavuz,* 576 F.2d at 1172, quoting *Am. Dredging Co. v. Miller,* 510 U.S. 443, 447-48 (1994).

In assessing a *forum non conveniens* motion, the court must examine two threshold questions:

> first, whether there is an adequate alternative forum in which the defendant is amenable to process, and second, whether foreign law applies.  If the answer to either of these questions is no, the *forum non conveniens* doctrine is inapplicable.  If, however, the answer to both questions is yes, the court goes on to weigh the private and public interests bearing on the *forum non conveniens* decision.

*Yavuz,* 576 F.3d at 1172, quoting *Gschwind v. Cessna Aircraft Co.,* 161 F.2d 602-605-06 (10th Cir. 1998).  With respect to the second question, *forum non conveniens* is inapplicable if American law controls.  *Rivendell Forst Products, Ltd. v. Canadian Pacific Limited,* 2 F.3d 990, 994 (10th Cir. 1993).

Focusing on the two threshold questions, defendants in this case are amenable to process in Texas.  However, quite clearly, American law (whether Oklahoma or Texas) will apply.  Therefore, the *forum non conveniens* doctrine is inapplicable in this situation.

### III.  Conclusion

For the foregoing reasons, defendants' Motion to Dismiss [Doc. No. 11] is denied.

ENTERED this 4th day of November, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma

8